```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

| | |
|---|---|
| DASHON HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 23-cv-2624-SHM-tmp |
| ) | |
| KATHRYN PARHAM, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Dashon Hines' complaint against Kathryn Parham. (ECF No. 1.)[1] Because Hines is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons below, the undersigned recommends that Hines' complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.   PROPOSED FINDINGS OF FACT

On September 29, 2023, Hines filed a *pro se* complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. (ECF No. 1 at PageID 1.) Using the form provided by the Clerk's Office to assist *pro se* litigants asserting employment discrimination

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management of all pretrial matters for determination or report and recommendation, as appropriate.

claims, Hines checked the boxes alleging discrimination based on his race, color, gender/sex, religion, national origin, and age. (Id. at PageID 4.) Hines identified the discriminatory conduct as including a failure to hire, termination of employment, failure to promote, failure to accommodate his disability, unequal terms and conditions of employment, retaliation, and, in other acts, he listed "Race: African American." (Id. at PageID 3.)

In his statement of facts, he refers to and appears to incorporate by reference Parham's "detailed statement" outlining his allegations that he attached to his complaint. (Id. at PageID 4.) The document is a position statement drafted by counsel for JP Morgan Chase Bank, N.A. ("Chase") and submitted to the New York State Division of Human Rights. (ECF No. 1-1.) According to this statement, Hines applied for a private client advisor position with Chase in Buffalo, New York. (ECF No. 1-1 at PageID 10.) This position required an individual to have two years of experience as a financial advisor, hold a valid and active Series 7 license at the time of the hire, hold a valid and active Series 66 license at the time of hire or have the ability to obtain one within sixty days of hiring, and hold a valid and active Life, Health and Long Term Care Insurance license. (Id.) Hines did not provide any information that he met the minimum qualifications for the position either on his application or on his resume. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

The court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.  Discrimination Claims**

Hines' complaint includes allegations of discrimination under both Title VII and the ADEA. Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); Flynn v. Memphis Pathology Lab., No. 19-2882-SHL-tmp, 2020 WL 6440710, at *2 (W.D. Tenn. Feb. 5, 2020). "The *prima facie* elements of a discrimination claim under Title VII are: (1) [plaintiff] is a member of a protected group; (2) [plaintiff] was subjected to an adverse employment decision; (3) [plaintiff] was qualified for the position; and (4) [plaintiff] was replaced by a person outside the protected class, or a similarly situated non-protected employee was treated more favorably." Myrtil v. Serra Chevrolet, LLC, No. 2:22-cv-02595-MSN-tmp, 2023 WL 6367667, at *4 (W.D. Tenn. Sept. 29, 2023) (quoting Evans v. Walgreen Co., 813 F. Supp. 2d 897, 921 (W.D. Tenn. 2011) (internal quotation marks omitted)). "The ADEA prohibits an

employer from discharging any individual or otherwise discriminating against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's age." Smith v. Walbridge Constr., No. 1:23-cv-02108-JDB-jay, 2023 WL 5827272, at *4 (W.D. Tenn. Aug. 21, 2023) (quoting Russell v. AAA Limo, No. 2:15-cv-02455-JPM-tmp, 2016 WL 874770, at *4 (W.D. Tenn. Feb. 17, 2016) (quoting 29 U.S.C. § 623(a)(1))) (internal quotation marks omitted). "To establish a prima facie case of discrimination under the ADEA, [the plaintiff] must show that he: (1) was over 40 years old; (2) suffered an adverse employment action; (3) was qualified for the position he held; and (4) was either replaced by a person outside the protected class or was treated differently from similarly situation people." Schankin v. Com. Steel Treating Corp., No. 2:19-cv-12909-TGB-APP, 2023 WL 5615951, at *3 (E.D. Mich. Aug. 30, 2023) (citing Smith v. Wrigley Mfg. Co., 749 F. App'x 446, 448 (6th Cir. 2018)).

Under both Title VII and the ADEA, an individual employee or supervisor who does not qualify as an employer may not be held personally liable. See Broady v. Mid-South Transp. Mgmt., Inc., No. 2:22-cv-02069-JTF-atc, 2023 WL 6014357, at *8 (W.D. Tenn. July 26, 2023) (finding that the plaintiff's supervisor cannot held individually liable under Title VII or ADEA). While a plaintiff is not required to establish a *prima facie* case of discrimination in their complaint, the complaint must allege sufficient facts

showing that the plaintiff is entitled to relief. See Myrtil, 2023 WL 6367667, at *4 (quoting Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012) ("[A] plaintiff need only allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that an employer engaged in unlawful discrimination under Title VII." (internal quotation marks omitted)); Dickson v. Green Dot Pub. Sch. Tenn., 2:22-cv-02070-SHM-cgc, 2022 WL 4285554, at *3 (W.D. Tenn. June 27, 2022) (citing Rhodes v. R&L Carries, Inc., 491 F. App'x 579, 584 (6th Cir. 2012)) (explaining that the Sixth Circuit does not require that a plaintiff plead a *prima facie* case to survive a motion to dismiss for an ADEA claim but must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a short and plain statement of the claim showing that the plaintiff is entitled to relief).

Hines has failed to sue an employer as required under Title VII and the ADEA. Hines has named Parham in this lawsuit rather than Chase. Additionally, Hines has failed to allege sufficient facts to state a claim upon which relief can be granted. The job Hines applied for required that he have certain licenses and experience, and he has failed to allege any facts to suggest that he has met the licensing or the posted qualification requirements for the position. Therefore, Hines has failed to state a plausible claim under Title VII and the ADEA.

## III. RECOMMENDATION

Based on the above, the undersigned recommends that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 12, 2023

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**